UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE L. JONES, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:      06-11239** |
| **PHILLIPS & JORDAN, INC.** | **SECTION: "S" (4)** |

ORDER AND REASONS

Before the Court is the **Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim (R. Doc. 19)**, filed by the Defendant, requesting that the Court dismiss the Plaintiff's case for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6). In response, the Plaintiff filed **Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (R. Doc. 20)**. This matter is before the United States Magistrate Judge upon consent of the parties under Title 28 U.S.C. § 636(c).

I.    **Factual Background**

On or about October 7, 2005, the Defendant hired the Plaintiff as a "Right-of-Entry Inspector," to remove and dispose of debris resulting from Hurricane Katrina. (R. Doc. 1.) On or about November 14, 2005, the Defendant promoted him to a "Zone Monitor" position. (R. Doc. 1.)

The Defendant offered a *per diem* to cover living expenses to employees residing outside the New Orleans area. (R. Doc. 1.) Although the Plaintiff had relocated to Duluth, Georgia after Hurricane Katrina, the Defendant denied the Plaintiff *per diem* benefits, while allegedly paying the benefits to similarly situated white employees. (R. Doc. 1.) The Plaintiff is black. (R. Doc. 1.) The Plaintiff also contends that while working for the Defendant, he was subjected to repeated hostilities by his white supervisor, Chad Sasser ("Sasser"). (R. Doc. 1.)

After the Plaintiff objected to the discrepancy in benefits and requested to be removed from Sasser's supervision, the Defendant assigned him to work for another subcontractor, effectively demoting him in rank and pay. (R. Doc. 1.) When the Plaintiff complained that he had been effectively demoted, the Defendant terminated his employment. (R. Doc. 1.) The Plaintiff filed suit against the Defendant under Title VII, 42 U.S.C. § 2000e, *et seq.*, claiming that he was terminated because he was black. (R. Doc. 1.)

The Defendant filed the subject motion, contending that the Plaintiff fails to state a claim for relief because his complaint does not indicate that any adverse employment actions taken against him by the Defendant were attributable to racial discrimination. The Plaintiff counterargues that under the Federal Rules and case law, he only needs to plead enough information to put the Defendant on notice of his claim. He maintains that he has satisfied this standard, and therefore is entitled to proceed with his case.

**II.**     **Standard of Review**

In considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a motion to dismiss, the plaintiff must plead "facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S.__, 127 S. Ct. 1955, 1974 (2007) (emphasis added); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Plausible" grounds require "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id*. Thus, the "allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965 (quotations, citations, and footnote omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

recovery is very remote and unlikely.'" *Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Motions to dismiss are viewed with disfavor and rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

In resolving a Rule 12(b)(6) motion, the court is generally limited to considering only the allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be considered. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**III.    Analysis**

The Defendant contends that the Plaintiff's complaint is short, conclusory, and fails to state facts that would entitle him to relief. Primarily, the Plaintiff fails to show that the "hostility" from his white supervisor and the denial of his *per diem* benefits are due to racial discrimination. The Defendant also argues that the Plaintiff has alleged no facts to show that he was terminated because he was black. Finally, the Defendant contends that "[i]f the court requires" the Plaintiff to make a showing that the Defendant violated Title VII, then at minimum, he must allege the elements of the *prima facie* case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). (R. Doc. 19-2, p. 4.)  The Defendant asserts that the Plaintiff failed to make such a *prima facie* showing.

In response, the Plaintiff maintains that he has provided the Defendant with sufficient notice of his claim for employment discrimination and thus has fulfilled the pleading requirements under the

Federal Rules. Additionally, the Plaintiff cites to Supreme Court authority for the proposition that he need not plead the *prima facie* elements in *McDonnell Douglas* to survive a motion to dismiss in an employment discrimination matter. Accordingly, the Plaintiff contends that the Defendant's motion should be denied.

Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) codifies "notice pleading," requiring that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (citations omitted).

Here, the Plaintiff's complaint has fulfilled the lenient notice pleading requirements of the Federal Rules because the Plaintiff has pled sufficient facts to provide the Defendant with notice of his claim. First, he alleges how "similarly situated white employees" were paid "per diem employment benefits," while he was not. (R. Doc. 1.) In fact, he specifically asserts that he "was entitled to the per diem benefits offered." (R. Doc. 1.) Second, he alleges that he was demoted and then terminated after complaining about the hostile work environment. (R. Doc. 1.) His complaint specifies the events leading up to his termination and names his previous supervisor, Sasser, as one of the individuals who may have been involved in his termination and who was responsible for subjecting him to hostility. (R. Doc. 1.) The "short and plain" allegations within his complaint give the Defendant fair notice of the Plaintiff's claims and the factual and legal grounds upon which they are based.

The facts regarding Sasser's hostilities towards the Plaintiff and the discrepancy in *per diem* benefits presents a claim for relief that if true, raise a reasonable expectation that discovery will reveal evidence to support his claim. The Plaintiff's claim for relief under Title VII is plausible on its face

and beyond speculation because the facts alleged in the Plaintiff's complaint paint a cohesive portrait of the events that ultimately led to his termination. Accordingly, by the "short and plain" allegations in his complaint, the Plaintiff has shown that he is entitled to continue with discovery and with proving his case. *See Swierkiewicz,* 534 U.S. at 511 (reasoning that Rule 12(b)(6) focuses not on whether the plaintiff will ultimately prevail, but whether the plaintiff may offer evidence to support his or her claims).

Furthermore, the Defendant's argument that the Plaintiff must allege facts sufficient to prove the *prima facie* elements in *McDonnell Douglas* is directly contravened by the Supreme Court holding in *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). In *Swierkiewicz*, the Supreme Court held that a plaintiff need not make a *prima facie* showing of discrimination under *McDonnell Douglas* to survive a motion to dismiss because the *prima facie* framework is an evidentiary standard and not a pleading requirement. *Id*. at 510-11. The Court concluded that the *McDonnell Douglas prima facie* case does not need to be proven at the pleading stage, rather "the ordinary rules for assessing the sufficiency of a complaint apply." *Id*. at 511. Given the emphatic reasoning in *Swierkiewicz*, the Court need not address whether the Plaintiff satisfied the *prima facie* case here.

Accordingly,

**IT IS ORDERED** that the **Defendant's Motion to Dismiss for Plaintiff's Failure to State a Claim (R. Doc. 19)** is **DENIED**.

New Orleans, Louisiana, this  17th  day of October 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**